**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 8, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-41271
Summary Calendar

RUSTY REEDER,

Plaintiff-Appellant,

versus

THE PARIS NEWS; JEFF JONES, Corporal, Police Officer, City of
Paris; UP WHITE, Manager, Social Security Administration; UP
SUPERVILLE, Judge, Lamar County Court; CITY OF PARIS,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(3:01-CV-33)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rusty Reeder appeals the dismissal of his *pro se*, *in forma pauperis* 42 U.S.C. § 1983 action. (Reeder's motion to supplement the record is **DENIED**.)

Reeder first contends the Paris News violated his freedom of speech by not publishing an article about him as he had requested. By not addressing the dismissal of the Paris News because it was not a state actor, Reeder has waived any challenge to this ruling.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See* **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993).

Reeder next asserts that Corporal Jones told him he would be arrested if he continued to stay in a park while displaying a sign near a wedding, prompting Reeder to leave the park. The disrict court ruling that Reeder did not state a claim against Corporal Jones is not plain error. *See* **Steadman v. Texas Rangers**, 179 F.3d 360, 366 (5th Cir. 1999), *cert. denied,* 528 U.S. 1115 (2000); **Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1429 (5th Cir. 1996)(en banc).

Reeder contends the City of Paris "set [him] up to look like a criminal or [a] mentally ill [person]" in order to discriminate against him because of his religious beliefs. Because Reeder did not object to the magistrate judge's report and recommendation that the City's FED. R. CIV. P. 12(b)(6) motion be granted, we review only for plain error. *See* **id**. Reeder has not shown plain error, because Reeder's conclusional allegations that the City discriminated against him based on his religion were insufficient to save the complaint from the motion to dismiss. *See* **Fernandez-Montes v. Allied Pilots Ass'n**, 987 F.2d 278, 284 (5th Cir. 1993).

Reeder maintains Judge Superville did not give him a jury trial, did not order the Salvation Army to let him stay there, barred him from going to the public library, denied him due process, and violated his Eighth Amendment rights by not releasing

2

him from the county jail.  By failing to address the dismissal based on immunity, Reeder has waived any challenge to this ruling. *See **Yohey***, 985 F.2d at 224-25.

Finally, Reeder asserts that the State of Texas violated his Fourteenth Amendment rights because divorce violates church law. The State was not named as a defendant, and Reeder's claims against it were not the subject of a ruling by the district court. Accordingly, we do not consider this contention.  *See **Vogel v. Veneman***, 276 F.3d 729, 734 (5th Cir. 2002).  For the same reasons, we do not consider Reeder's contention concerning Judge Lovett. *See **id.***

*AFFIRMED*